IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VANESSA RAE RUST,

                              Plaintiff,                        OPINION & ORDER

   v.

ALTER METAL RECYCLING,                              16-cv-003-jdp

                             Defendant.

---

     Pro se plaintiff Vanessa Rust has filed a proposed complaint under 42 U.S.C. § 1983, alleging claims against her former employer, defendant Alter Metal Recycling. Dkt. 1. The court allowed plaintiff to proceed without prepaying her filing fee.

     The next step in this case is for me to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After reviewing the complaint with this principle in mind, I conclude that plaintiff has failed to comply with Federal Rule of Civil Procedure 8 because she has not provided a short and plain statement of a claim against Alter Metal. I will therefore dismiss her complaint and give her an opportunity to file an amended complaint.

ALLEGATIONS OF FACT

Plaintiff currently resides in Elk River, Minnesota. She worked for Alter Metal from 2011 to 2012, at the company's facility in Eau Claire, Wisconsin. Alter Metal is a scrap metal recycling company.

Plaintiff was injured in January 2012, while she was working for Alter Metal. Although plaintiff does not provide details about job there or her injury, she alleges that she "was injured due to a *flaw* in Alter's *newly* upgraded system [and] lack of help from the men, due to sexual discrimination." Dkt. 1, at 3 (original emphasis). Alter Metal fired plaintiff two weeks after her injury "without *any* opportunity to defend [herself]; despite being told there would be an Investigation & that they themselves documented that I was a 'good worker.'" *Id.* (original emphasis).

In the years after her termination, plaintiff pursued unemployment insurance benefits, and she filed charges of discrimination with the Wisconsin Department of Workforce Development—Equal Rights Division and with the Equal Employment Opportunity Commission. She received a "dismissal and notice of rights" in November 2015. *Id.* at 5. During these administrative proceedings, plaintiff discovered that her coworkers had lied about the events surrounding her injury.

Plaintiff filed suit in this court on January 4, 2016. She seeks an investigation into her injury, physical therapy, and damages for back pay.

ANALYSIS

Under Rule 8, plaintiff must present "a short and plain statement of the claim showing that [she] is entitled to relief." The purpose of the requirement is "to provide the

defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Here, plaintiff appears to allege that Alter Metal violated her rights under Title VII of the Civil Rights Act of 1964 by discriminating against her on the basis of her sex. But even construing the complaint liberally, I conclude that plaintiff has failed to comply with Rule 8 because she has not alleged facts that amount to unlawful discrimination. I will therefore dismiss plaintiff's complaint. But I will give plaintiff an opportunity to amend her complaint.

Title VII prohibits employers from discriminating against their employees on the basis of sex. 42. U.S.C. § 2000e-2. The law covers several types of discrimination: unlawful termination, hostile work environment, quid pro quo harassment, and retaliation. Here, I construe plaintiff's complaint as alleging either that she was unlawfully terminated, or that she endured a hostile work environment, or both.

For an unlawful termination claim, plaintiff must allege that she was fired because of her sex. Plaintiff has not alleged facts that would allow her to succeed on an unlawful termination claim. She indicates that Alter Metal fired her without giving her an opportunity to defend herself. But she does not allege that Alter Metal's decision was discriminatory. If plaintiff pursues her unlawful termination claim in her amended complaint, then she must explain why she believes that Alter Metal fired her because of her sex.

As for a hostile work environment claim, plaintiff must allege that: (1) she was subject to unwelcome harassment; (2) the harassment was based on her sex; (3) the harassment was severe or pervasive enough to alter the conditions of her employment; and (4) there is basis for employer liability. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833-34 (7th Cir. 2015). "To rise to the level of a hostile work environment, conduct

3

must be sufficiently severe or persuasive to alter the conditions of employment such that it creates an *abusive* relationship." *Id.* at 834 (original emphasis). And for Alter Metal to be liable as an employer, plaintiff must allege either that "a supervisor [was] responsible for the harassment," or that "the harassment is done by a co-worker and the employer [has] been negligent in failing to prevent the harassment." *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004).

Although I can infer from the complaint that plaintiff experienced sexual harassment, she has not alleged any of the other elements of a hostile work environment claim. If plaintiff pursues her hostile work environment claim in her amended complaint, then she must describe the harassment that she endured and explain why Alter Metal is liable for that harassment.

At this point, plaintiff has not provided a short and plain statement of a claim against Alter Metal, so she has failed to comply with Rule 8. I will therefore dismiss her complaint. But I will give plaintiff a short time to file an amended complaint that alleges facts to support her Title VII claims. If plaintiff fails to timely amend her complaint, I will dismiss this case for failure to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1. The complaint is DIMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff Vanessa Rae Rust may have until September 20, 2016, to file an amended complaint that provides a short and plain statement of a claim against defendant Alter Metal Recycling.

2. If plaintiff fails to timely amend her complaint, I will dismiss this case for failure to state a claim upon which relief can be granted.

Entered August 30, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge