IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VANESSA RAE RUST,

                              Plaintiff,                        ORDER

    v.

                                                                 16-cv-3-jdp

ALTER METAL RECYCLING,

                              Defendant.

---

Pro se plaintiff Vanessa Rust brings this Title VII discrimination lawsuit about her termination from defendant Alter Metal Recycling. Alter has filed a motion to dismiss the case under Federal Rule of Civil Procedure Rule 12(b)(6), saying that Rust's claims are barred by the doctrine of claim preclusion, because Rust's similar discrimination claims under the Wisconsin Fair Employment Act were dismissed after a hearing by the state's Equal Rights Division. *See* Dkt. 18 and Dkt. 18-1.

Alter's motion is severely underdeveloped. The only case Alter cites regarding the application of claim-preclusion principles to employment-discrimination cases does *not* hold that federal claims are claim precluded by previous ERD proceedings; instead, the court concluded that the plaintiff's Title IX claims were not claim precluded by the ERD proceedings because the federal claims could not have been raised in those proceedings. *Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857, 866 (7th Cir. 1996), *abrogated on other grounds by Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009). The Court of Appeals for the Seventh Circuit has ruled similarly regarding a plaintiff's disability-related claims. *See Staats v. Cty. of Sawyer*, 220 F.3d 511, 516 (7th Cir. 2000) (claim preclusion did not apply to plaintiff's ADA and Rehabilitation

Act claims because "it was impossible for [plaintiff] to raise his federal claims in addition to his WFEA claims in his action brought before the Equal Rights Division").

These cases do not specifically discuss parallel Title VII claims, and Alter has not developed an argument for why Rust's claims should be treated differently than the plaintiffs' claims in *Waid* or *Staats*. I will give Alter a short time to either develop its argument in a supplemental brief or withdraw its motion to dismiss. Should Alter file a supplemental brief, I will give Rust a chance to respond, but Rust's response should be limited to the legal issues raised by Alter—she should not recite her version of the events underlying her claims, as she did in her opposition to the motion to dismiss.

ORDER

IT IS ORDERED that defendant Alter Metal Recycling may have until May 18, 2018, to submit supplemental briefing on its motion to dismiss, or withdraw its motion.

Entered May 4, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge