IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VANESSA RAE RUST,

                      Plaintiff,

  v.

ALTER METAL RECYCLING,

                      Defendant.

ORDER

16-cv-3-jdp

---

Pro se plaintiff Vanessa Rust brings this Title VII discrimination lawsuit about her termination from defendant Alter Metal Recycling. Alter filed a motion to dismiss the case under Federal Rule of Civil Procedure Rule 12(b)(6), saying that Rust's claims are barred by the doctrine of claim preclusion, because Rust's similar discrimination claims under the Wisconsin Fair Employment Act were dismissed after a hearing by the state's Equal Rights Division. *See* Dkt. 18 and Dkt. 18-1. In a May 4, 2018 order, I called Alter's motion "severely undeveloped," and stated that the authority that Alter cited appeared to show that claim preclusion did not apply to this case. *See* Dkt. 33. I gave Alter a chance to either develop its argument in a supplemental brief or withdraw its motion to dismiss. *Id.*

Alter has responded by stating that it now agrees that claim preclusion does not apply. Dkt. 35, at 1. Alter instead raises new arguments: that Rust should have asked the Equal Employment Opportunity Commission for a "right to sue" letter after the administrative law judge had taken more than 180 days to rule on her complaint, and that she waited more than 90 days to sue after the final decision dismissing her complaint. *Id.* at 1–2.

Alter's new arguments were not part of the original motion to dismiss based on claim-preclusion grounds, which would be reason enough to disregard them. In any event, the new

arguments are also undeveloped. Alter does not cite any authority showing that I should dismiss the case for Rust's failure to request a right-to-sue letter before the ALJ ruled on her case. Alter incorrectly states that Rust waited until February 7, 2018, to file this lawsuit. As the court's docket clearly shows, she filed it on January 4, 2016, within 90 days of the right-to-sue letter issued by the EEOC. *See* Dkt. 27-1. I will deny Alter's motion to dismiss.

Rust's newly retained counsel has filed a motion requesting a telephonic scheduling conference, in particular mentioning the upcoming expert-disclosure and dispositive-motions deadlines. At this point, I conclude that it is unnecessary to hold a scheduling conference, but in light of counsel's recent appearance and this order denying Alter's motion to dismiss, I will amend the schedule: Rust's expert-disclosure deadline is moved to December 10, 2018; Alter's is moved to January 22, 2019; and the dispositive-motions deadline is moved to February 14, 2019. If either party seeks further amendment to the schedule, it should file a motion detailing the reasons for its request.

ORDER

IT IS ORDERED that:

1. Defendant Alter Metal Recycling's motion to dismiss, Dkt. 18, is DENIED.
2. The schedule is amended as discussed above.

Entered November 6, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge